# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK MATHIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-4933 |
| : | |
| JAMES MCGARRITY, *et al.*, : | |
|     Defendants. : | |

GOLDBERG, J.                                                                                                    MARCH 23, 2020

## MEMORANDUM OPINION

Plaintiff Derrick Mathis, proceeding *pro se*, brings this civil action against James McGarrity "and Firm" and Michelle Hines. (ECF No. 2 at 2.) For the following reasons, I will dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

Mathis's Complaint consists of forty-two pages, most of which are exhibits. Mathis asserts that on July 5, 2011, he and Michelle Hines signed a lease purchase agreement for property located at 1551 North 29th Street, Philadelphia, Pennsylvania, where Mathis currently resides. (ECF No. 2 at 3.)[1] He mentions that Hines has a mortgage with Wells Fargo. (*Id.*)

Mathis avers that, at some point, Hines has filed actions in both state court and federal bankruptcy court falsely claiming that Mathis is in "serious arrears of the contract" referenced above. (*Id.*) Mathis avers that Hines and her attorney, Defendant James McGarrity, in conjunction with Wells Fargo, "filed false perjury and deceptive claims to the court," causing Mathis to file documents with the court proving that he had "paid Wells Fargo $44,000.00" and that the claim

---

[1]     The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

of "Hines and Wells Fargo was a scam." (*Id.*) Mathis further avers that "Judge Eric Frank signed a[n] order on July 18, 2017" preventing Hines from selling the property at issue and precluding Wells Fargo from following up "with their bankruptcy mortgage fraud [illegible] fraud misappropriated payments and foreclosure fraud . . ." (*Id.*) I understand this allegation to mean that Wells Fargo was allegedly precluded from foreclosing or selling the property. Mathis asserts that, despite this order, Wells Fargo tried to foreclose on the property in September 2017. (*Id.*)

Mathis filed this action seeking damages in the amount of $350,000.00 from Hines and McGarrity "for the year of false claims filed against [him] . . . in state court and federal court which are normally state and federal crimes." (*Id.* at 4.) Mathis asserts claims of mortgage fraud, foreclosure fraud, misappropriation of mortgage payments (allegedly referred to as "money laundering" by an FBI agent), and perjury against Defendants. (*Id.*) Mathis further contends that Hines and McGarrity have "criminally interfered with [his] right to complete the sale of 1551 N. 29th St." and requests that the deed to the property be transferred to him. (*Id.*)

The remainder of Mathis's Complaint consists of exhibits, including a copy of the agreement between Mathis and Hines, copies of filings in state court and bankruptcy court proceedings, a form that Mathis completed for the Philadelphia Division of the Federal Bureau of Investigation, miscellaneous federal statutes, receipts for money orders payable to Wells Fargo, and Citizen Report Forms that Mathis completed for the United States Attorney's Office.

Mathis has asserted similar claims in prior actions before this Court. Specifically, in the case of *Mathis v. Hines*, Civil Action No. 17-0260, Mathis sued Hines and her attorney at that time, Wendell Grimes, referencing the same July 5, 2011 purchase agreement that is mentioned in the current Complaint. *See Mathis v. Hines*, Civil Action No. 17-0260, ECF No. 4 at 2. In his Amended Complaint, Mathis alleged, *inter alia*, that Hines and Grimes "conspire[d] to create a

2

breach of contract by filing a wrongful action to court claiming that [he] was not paying the mortgage and was behind" on payments. (*Id.* at 3.) Mathis also asserted "criminal interference with [his] right to fair housing Title 42 USC Section 3631." (*Id.*) Although Mathis's Amended Complaint was initially dismissed by this Court for failure to comply with the requirements of Federal Rule of Civil Procedure 8(a), Mathis was granted leave to amend. *See Mathis v. Hines*, Civil Action No. 17-0260, ECF No. 5. Rather than amend, Mathis voluntarily requested to withdraw the action, and by Order of this Court dated June 12, 2017, the action was dismissed without prejudice. *See Mathis v. Hines*, Civil Action No. 17-0260, ECF No. 9.

In the case of *Mathis v. Wells Fargo Corp.*, Civil Action No. 18-4798, Mathis again cited the July 5, 2011 agreement entered into with Hines, averring that attorneys and employees for Wells Fargo "conspired to create a scam" to breach the mortgage contract as well as the land purchase agreement. *See Mathis v. Wells Fargo Corp.*, Civil Action No. 18-4798, ECF No. 7 at 3, 11. Mathis averred that the following rights were at issue: "Fair Housing Rights, Federal Court Order from a scam Due Process Bankruptcy fraud foreclosure fraud money laundering misappropriation of mortgage payments breach of contract mortgage fraud white collar crimes stolen mortgage payments criminally interfering with fair rights & housing discrimination fraud and deception." (*Id.* at 2.) As relief, Mathis requested, as he does here, that the deed to the property be transferred to him. (*Id.* at 15.) Mathis's Amended Complaint was dismissed, but he was granted leave to amend. *See Mathis v. Wells Fargo Corp.*, Civil Action No. 18-4798, ECF No. 9. Rather than amend, Mathis voluntarily requested to withdraw the action, and by Order of the Court dated January 2, 2019, the action was dismissed without prejudice. *See Mathis v. Wells Fargo Corp.*, Civil Action No. 18-4798, ECF No. 9.

## II. STANDARD OF REVIEW

I granted Mathis leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees necessary to commence this civil action. (ECF No. 7.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mathis is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Regarding Civil Rights and Constitutional Rights

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Given Mathis's references to a "violation of [his] civil rights and human rights," I construe his Complaint as raising claims pursuant to 42 U.S.C. § 1983. (ECF No. 2 at 2.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Mathis has not alleged facts to support a plausible conclusion that either of the named Defendants meet any of the foregoing tests; and nothing in the Complaint suggests any factual or legal basis for considering that the Defendants are state actors who could be held liable under § 1983. Rather, the Defendants are identified as a private individual and her attorney. Accordingly, because the named Defendants are not subject to suit under § 1983, Mathis cannot state a plausible constitutional claim against them. *Kach*, 589 F.3d at 646; *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (noting that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"). Thus, the Court must dismiss Mathis's § 1983 claims.

### B. Claims Regarding Fraud, Perjury, and Money Laundering

Mathis appears to suggest that the Defendants have violated various criminal statutes, including those covering various types of fraud, perjury, and money laundering. Criminal statutes, however, generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *see also Oates v. City of Philadelphia Civil Serv. Comm'n*, Civ. A. No. 97-1220, 1998 WL 107300, at *1 (E.D. Pa. Feb. 18, 1998), *aff'd without opinion Oates v. City of Philadelphia*, 176 F.3d 472 (3d Cir. 1999) (explaining that "18 U.S.C. § 1621 [which criminalizes perjury], do[es] not provide for [a] private cause[] of action for [its] alleged violation"). Accordingly, any claims brought pursuant to criminal statutes will be dismissed.

### C. State Law Claims

Mathis also appears to raise claims pursuant to state law, such as for breach of contract, against the Defendants. (ECF No. 2 at 3.) Because I have dismissed his federal claims, I will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

While Mathis seeks well over $75,000.00 in damages, the Complaint suggests that Hines and McGarrity reside in Pennsylvania. (ECF No. 3 at 2.) Mathis's allegations do not explicitly reveal the individual Defendants' citizenship for purposes of plausibly establishing diversity. Accordingly, Mathis has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). Accordingly, any state law claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I will dismiss Mathis's Complaint. Mathis's federal claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted, and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Mathis will not be permitted to file an amended complaint because I conclude that amendment would be futile.

An appropriate Order follows.